UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERESA HANKERSON,<br><br>                    Plaintiff,<br><br>-against-<br><br>125 WORTH ST DEPARTMENT OF HEALTH VITAL RECORDS NEW YORK 10013, et al.,<br><br>                    Defendants. | 24-CV-1148 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated April 29, 2024, the Court dismissed this action for failure to state a claim and granted Plaintiff 30 days to file an amended complaint. Plaintiff filed her amended complaint on May 9, 2024, but she did not state any new facts. Rather, the amended complaint is a near-duplicate of the original complaint. The Court therefore dismisses the amended complaint for failure to state a claim.

## DISCUSSION

      This action arises out of Plaintiff's attempts to obtain her birth certificate from the New York City Department of Health. In the Court's April 29, 2024 order, the Court granted Plaintiff leave to file an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure by providing enough factual detail to allow the Court to draw the inference that a named defendant is liable for any alleged misconduct. The Court notified Plaintiff that the Court would dismiss her pleading if its "form or substance prevent[ed] the defendant from forming a 'fair understanding' of [her] allegations." *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 345 (S.D.N.Y. 2014).

      Plaintiff's amended complaint does not comply with Rule 8 because she does not state any facts suggesting that a named defendant can be held liable for any alleged misconduct. In her

amended pleading, Plaintiff again describes her attempts to obtain her birth certificate from New York City's Department of Health and names as Defendants "125 Worth St. Department," Federal Reserve Bank, Metropolitan Hospital of Records, Banker Conseco, FDIC, FTC, "Northwell Record, Commissioner, Financial Aid, Commissioner." (ECF 8, at 1.) Similar to the original complaint, Plaintiff has not alleged any facts suggesting that any defendant violated any of Plaintiff's federal statutory or constitutional rights. The Court therefore dismisses the amended complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 5, 2024
        New York, New York

                             /s/ Laura Taylor Swain
                             LAURA TAYLOR SWAIN
                             Chief United States District Judge