UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA HANKERSON,

                Plaintiff,

-against-

125 WORTH ST. DEPARTMENT OF
HEALTH VITAL RECORDS NEW YORK,

                Defendant.

24-CV-1148 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se* and *in forma pauperis*. By order dated June 5, 2024, the Court dismissed the action for failure to state a claim. (ECF 9.) A civil judgment was entered on June 12, 2024. On August 23, 2024, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit (ECF 12) and a motion for an extension of time to file a notice of appeal (ECF 11). For the following reasons, the Court denies Plaintiff's motion for an extension of time to appeal the June 5, 2024 order of dismissal.

## DISCUSSION

      Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a party must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, within 30 days after expiration of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party also must show "excusable neglect or good cause" for the failure to file a notice of appeal within the deadline. Fed. R. App. P. 4(a)(5)(A)(ii). But even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days

after entry of judgment. *See Goode*, 252 F.3d at 245.

The Court denies the motion as untimely. Plaintiff had 30 days from the entry of judgment to file a notice of appeal, that is, until July 12, 2024. *See* Fed. R. App. P. 4(a)(1)(A). Although the Federal Rules of Appellate Procedure allow the Court to extend the time to file the notice of appeal to 30 days from the date the time to file expired, that is, until August 12, 2024,[1] *see* Fed. R. App. P. 4(a)(5)(A), Plaintiff's motion was filed on August 23, 2024, after the 30-day extension period expired. The Court therefore cannot extend the time to file the notice of appeal and, on this basis, denies the motion for an extension of time to file a notice of appeal.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal (ECF 11), and the Clerk of Court is directed to terminate the motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 15, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] Because the last day to file falls on Sunday, August 11, 2024, the deadline is extended to Monday, August 12, 2024. *See* Fed. R. App. P. 26(a)(1)(C).